UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RACHEL M. CRONK,

        Plaintiff,

v.

AMR EAGLE HOLDING CORP.,
*et al.*,

        Defendants.

_____/

Case No. 1:06-CV-318

Hon. Richard Alan Enslen

**OPINION**

    This is a law suit by a Michigan resident and flight attendant suing American Airlines, Inc. and several of its holding companies for a plane accident and injuries in the Commonwealth of Puerto Rico. The present Motion to Dismiss Based on Lack of Personal Jurisdiction as to three Defendants will result in the transfer of the suit to the Northern District of Texas.

    It may well be that this transfer is like many of our plane flights. It takes a random stop to make a connection to the real destination. If so, then the Northern District of Texas will be but a connection in a travel to the Commonwealth of Puerto Rico. Law suits, like plane travel, have more than their share of advertent stops in long adventures. One can be sure that some of the travelers will complain about this venture, though they will not be offered bad food, smashed into narrow seats, made to say farewell to their luggage--possibly forever, or confined for long, unexplained and unexpected delays amongst surly "help" staff.

**BACKGROUND**

    According to the Complaint, Plaintiff Rachel M. Cronk was traveling on a flight of Executive Airlines, Inc. when the plane crashed injuring Plaintiff. (Compl. ¶¶ 9-10 & 13.) Executive Airlines,

Inc. is not named as a defendant, but the suit names American Airlines, Inc., AMR Eagle Holding Corporation, AMR Leasing Corporation and AMR Corporation as Defendants. (*Id.* ¶ 11.) The theory of the suit is that the flight was the responsibility of one or more of the named Defendants based on some theory of agency. (*See id.* ¶ 10.)

Defendants AMR Eagle Holding Corporation, AMR Leasing Corporation and AMR Corporation have moved for dismissal due to lack of personal jurisdiction.

Defendant American Airlines, Inc. is a Delaware Corporation with its principal place of business in Tarrant County, Texas. (*Id.* ¶ 7.) No motion is made by Defendant American Airlines, Inc. to dismiss on the grounds of personal jurisdiction because it openly operates its airline services in the State of Michigan. American Eagle Airlines, Inc. (not a defendant) also has a continuous and general presence in the State of Michigan by the operation of its airline services. (*See* Defs.' Reply 4.)

Defendant AMR Eagle Holding Corporation is a Delaware corporation with its principal place of business in Tarrant County, Texas. (*Id.* ¶ 5; Kathleen A. Soled Aff. Re AMR Eagle Holding Corp. ¶ 5.) AMR Eagle Holding Corporation is a holding corporation that holds the stock of at least four subsidiaries: Executive Airlines, Inc., American Eagle Airlines, Inc., Eagle Aviation Services, Inc., and AMR Corporation. (K. Soled Dep. 7-8.) AMR Leasing Corporation's stock is also held by American Eagle Airlines, Inc. (*Id.*) According to the Vice President and General Counsel of AMR Eagle Holding Corporation, Kathleen A. Soled, the corporation owns no property in Michigan, has no offices in Michigan, has no employees in Michigan and conducts no business in Michigan. (K. Soled Aff. Re AMR Eagle Holding Corp. ¶¶ 3, 9-11.)

Defendant AMR Corporation is a holding corporation that holds the stock of American Airlines, Inc. and other subsidiaries. (Charles Marlett Dep. 7.) AMR Corporation is a Delaware Corporation with its principal place of business in Tarrant County, Texas. (Compl. ¶ 4.) AMR Corporation does not own property in Michigan, does not have offices in Michigan, does not employ employees or officers in Michigan and does not enter into any contracts or continuous business relationships in Michigan. (C. Marlett Aff. Re AMR Corp. ¶¶ 3, 7, 9-11.) AMR Corporation, as described in the deposition testimony and briefing, is a holding company without employees, either in Michigan or anywhere else. (*See* Defs. Reply 3.) AMR Corporation's directors and officers are employees of American Airlines, Inc., *id.*, but the record does not support that those employees were ever in Michigan on corporate business or sought to direct business operations in Michigan.

Defendant AMR Leasing Corporation is in the business of owning and leasing aircraft. (K. Soled Dep. 9.) AMR Leasing Corporation is a Delaware corporation with its principal place of business in Tarrant County, Texas. (Compl. ¶ 5.) AMR Leasing Corporation does not own or hold property in Michigan, does not have offices in Michigan, and does not do business or contract in Michigan. (K. Soled Aff. Re AMR Leasing Corp. ¶¶ 3, 7, 9-11.)

Plaintiff has filed various exhibits, including internet documents, in an attempt to prove that one or more of the three movants does some business in Michigan which could provide a basis for subject matter jurisdiction under Michigan's long-arm statute. One problem with the various documents, when they are understood in terms of the testimony of actors who have actual personal knowledge about the corporate dividing lines between the various entities, is that the documents relate to conduct by either American Eagle Airlines, Inc. (a non-defendant) or conduct by the maintenance company that serviced airplanes operated by American Eagle Airlines, Inc. (also a non-

defendant).[1] For instance, Plaintiff's Exhibit G to her Response, a press announcement about American Eagle flights to Michigan airports, relates to the general business of American Eagle Airlines, Inc. It does not purport to establish the business of the other entities. Plaintiff speculated based on an unofficial and inadmissible "coding" document from the internet that AMR Leasing Corporation owns aircraft used in Michigan. Such speculation is unwarranted in that the coding document (which explicitly says it is "unofficial" and should not be relied upon) does not permit an inference as to the source of the planes used during American Eagle Airlines, Inc. flights. The testimony of Kathleen Soled, the person with knowledge, was that AMR Leasing Corporation's planes are not used in American Eagle Airlines, Inc.'s Michigan flights. (K. Soled Dep. 14.) Soled was also unsure whether any of the AMR Leasing Corporation planes were ever maintained in Michigan maintenance facilities. (K. Soled Dep. 16.)

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(2) mandates the dismissal of an action when personal jurisdiction over the defendant is lacking. When challenged, a plaintiff bears the burden of establishing personal jurisdiction over a defendant by sufficient *prima facie* proof (affidavits and document evidence) of jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Market/Media Research v. Union-Tribune Publ'g Co.*, 951 F.2d 102, 104 (6th Cir. 1991); *Serras v. First Tenn. Bank*, 875 F.2d 1212, 1214 (6th Cir. 1989); *Evans Tempcon, Inc. v. Index Indus., Inc.*,

---

[1] Another problem is that some of the documents do not even purport to establish the facts for which they are cited. For example, Plaintiff cites Exhibit D to her Response as support for the proposition that mechanics employed at the Marquette, Michigan facility servicing American Eagle airplanes are paid from profits generated from AMR Leasing Corporation. The document is a simple job opening notice for mechanics and does not purport to represent the source of the income from which American Eagle mechanics are paid.

778 F. Supp. 371, 373 (W.D. Mich. 1990). The Court has considerable discretion in assessing the evidence filed as to whether to require an evidentiary hearing.[2] *Id.* If the motion is decided on written submissions, the evidence adduced must be interpreted in a light most favorable to the plaintiff. *Theunissen*, 935 F.2d at 1459. The question of whether personal jurisdiction exists over a particular defendant depends on an analysis of both the pertinent state long-arm statute and the federal due process limitations on the exercise of personal jurisdiction. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997).

## **LEGAL ANALYSIS**

In 1945, the United States Supreme Court announced that the Due Process Clause of the United States Constitution requires that a defendant have sufficient minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Over the years, this requirement has been tailored by many decisions of the Supreme Court and the Sixth Circuit Court of Appeals. A 1996 decision of the Sixth Circuit Court of Appeals summarizes the basic due process requirements as follows:

> "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable."

---

[2] The Court has considered calling an evidentiary hearing, but has declined because there is no "real dispute" as to the supporting testimony of the various sides. *See Int'l Tech. Consultants, Inc. v. Euroglas S.A.,* 107 F.3d 386, 391 (6th Cir. 1997). The parties certainly disagree about the final result, but the testimony from the depositions is clear and it would be a waste of judicial resources to repeat those matters in a courtroom.

5

*Compuserve, Inc v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (quoting earlier case law). Furthermore, a review of the Michigan and Sixth Circuit case law interpreting the long-arm statute reveal that the long-arm statute has been interpreted as co-extensive with the due process inquiry. *See Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992); *Chandler v. Barclays Bank PLC*, 898 F.2d 1148, 1150-51 (6th Cir. 1990); *Sifers v. Horen*, 188 N.W.2d 623, 623-24 (Mich. 1971); *see also Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996) (holding that where the statute extends to the constitutional limits, the two inquiries are merged).

    Michigan's long-arm statute, consistent with the due process case law, permits the exercise of personal jurisdiction based on either general personal jurisdiction or limited (specific) jurisdiction. In this case, the limited jurisdiction statute is not applicable because it is clear that the injuries did not arise out of any tort or actionable occurrences in Michigan. The pertinent general jurisdiction statute is Michigan Compiled Laws § 600.711. It allows general jurisdiction based upon either incorporation in Michigan, consent to suit in Michigan, or the carrying on of continuous and systematic business in Michigan. Mich. Comp. Laws § 600.711. The first two conditions clearly do not apply. As to the third, it is applied co-extensively with the due process inquiry described by the Sixth Circuit in the *CompuServe* decision noted above. The instant record does not support any inference of "continuous and systematic business" sufficient to support the exercise of jurisdiction as to any of the three moving Defendants, notwithstanding Plaintiff's citation of the case of *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 448-49 (1952). *Perkins* permitted an inference of systematic business based on office presence in the forum state, a fact not applicable as to the moving Defendants.

This conclusion is made more firm by the Sixth Circuit's decision in *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273-74 (6th Cir. 1998). In *Dean*, the Sixth Circuit considered whether a parent corporation's contacts with a forum state may be attributed to the subsidiary for the purpose of satisfying due process. The Sixth Circuit said, absent proof that the corporate veil between the entities should be pierced, the parent's contacts with a forum state were an insufficient reason for exercising personal jurisdiction over the subsidiary. "Dean must provide sufficient evidence for us to conclude that Accor is being brought into court for something that it has done, not for something that Motel 6 Operating has done." *Dean*, 134 F.3d at 1274. The Sixth Circuit in *Dean* concluded that the record did not support a finding that the parent had "purposefully availed" itself of the privileges of acting in the forum state. The same conclusion is warranted as to the three moving Defendants. While the Court recognizes that conduct by officers of a parent for a subsidiary <u>within a forum state</u> may serve as a basis for subject matter jurisdiction, *see Third Nat'l Bank v. WEDGE Group, Inc.,* 882 F.2d 1087, 1090 (6th Cir. 1989), the present record does not contain any evidence of purposeful availing within Michigan by officers of the moving Defendants.

Therefore, the present action may not continue as to these three Defendants in Michigan given the absence of subject matter jurisdiction. This leaves the Court with two possible remedies. First, the Court could dismiss the moving Defendants due to lack of subject matter jurisdiction over them. *See, e.g., Dean*, 134 F.3d at 1271 & 1276 (affirming dismissal). Second, as suggested by Plaintiff, Pl.'s Resp. at 15, this Court could transfer the suit to a district as to which personal jurisdiction would be proper as to all Defendants. Title 28 United States Code section 1631 explicitly gives this Court authority to transfer an action to cure a want of jurisdiction. This authority has been used in other cases in which personal jurisdiction over defendants has been

7

absent. In *Roman v. Ashcroft*, 340 F.3d 314, 328-29 (6th Cir. 2003), the Sixth Circuit approved a section 1631 transfer to avoid a lack of personal jurisdiction. To determine this, the Court must decide: (a) whether there is another district as to which the exercise of jurisdiction would be proper; and (b) whether the transfer is in the interests of justice. *See Roman*, 340 F.3d at 328; *see also Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 284 (3d Cir. 1994) (remanding for consideration of section 1631 transfer in a case in which personal jurisdiction may have been absent).

In this case, transfer is both possible and advised. There are two districts as to which this suit may be transferred consistent with personal jurisdiction–the District of Delaware and the Northern District of Texas (because Defendants, one and all, are citizens there, *see* 28 U.S.C. § 1332(c)(1)). The latter obviously is preferable for the many reasons typically considered under 28 U.S.C. § 1404(a), transfers of venue for the convenience of the parties. The witnesses as to the corporate operations of Defendants, and the witnesses of any reasons for holding them responsible for far flung events in the Commonwealth of Puerto Rico, will be in the Dallas/Fort Worth area wherein Defendants maintain their offices and records. Northern Texas, much more than either Michigan or Delaware, has some relationship to the suit by virtue of the corporate operations there. The Court also believes that this is in the interests of justice because prompt dismissal would eliminate any further legal scrutiny as to the moving Defendants' alleged conduct and might effectively preempt possible remedy.[3] As such, the Court will transfer this action to the Northern District of Texas pursuant to section 1631.

---

[3] While the Court has no basis to suggest that the multiple levels of corporate ownership and fractured operations involving these Defendants were for any improper purpose, the events of recent years, including those in the infamous Enron Corporation case, *see Arthur Andersen LLP v. United States*, 544 U.S. 696, 699-701 (2005) (described some sharp and illegal practices at Enron Corporation), suggest that public vigilance of corporate governance is necessary.

In doing so, the Court is not at all sure whether the Northern District of Texas will be the final destination for the suit. The fact that the events giving rise to the suit occurred in the District of Puerto Rico suggests that if some of the corporate Defendants who apparently do not do business there are eventually dismissed, and perhaps Executive Airlines, Inc. (the actual carrier) is added to the suit, the lawsuit may eventually be transferred there. Such would be a logical and perhaps most appropriate landing spot for a personal injury lawsuit involving injuries in Puerto Rico at a Puerto Rican airport.

### **CONCLUSION**

For the reasons given, Defendants' Motion will be granted inasmuch as the Court finds that it lacks personal jurisdiction over Defendants and will transfer this suit to a proper district, the Northern District of Texas, pursuant to Title 28 United States Code section 1631.

Bon Voyage.


Dated in Kalamazoo, MI:                             /s/Richard Alan Enslen
October 30, 2006                                    Richard Alan Enslen
                                                    Senior United States District Judge